**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JOHN TUSCHHOFF,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**USIC LOCATING SERVICES, LLC,** )<br>)<br>**Defendant.** ) | Case No. 19-cv-1149-EFM-TJJ |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Expand the Number of Interrogatories (ECF No. 38). Pursuant to Fed. R. Civ. P. 26, Plaintiff John Tuschhoff seeks leave to propound 20 interrogatories to Defendant beyond the already-expanded number permitted in the Scheduling Order. Defendant USIC Locating Services, LLC opposes the motion.

**I.    Relevant Background**

The Scheduling Order in this case increases the Fed. R. Civ. P. 33(a)(1) presumed limit of 25 interrogatories and allows each party to serve a total of 30 interrogatories.[1] On February 20, 2020, Plaintiff served 22 interrogatories on Defendant. On March 6, 2020, Plaintiff served an additional 4 interrogatories. Finally, on July 28, 2020, Plaintiff served 14 interrogatories on Defendant.[2] Defendant answered the first two sets. On September 3, 2020, Defendant replied to

---

[1] *See* Scheduling Order (ECF No. 30) at 8.

[2] Defendant disagrees with these numbers, contending Plaintiff fails to acknowledge the subparts in many of the interrogatories. The first set contains 16 numbered interrogatories, but with subparts the number rises to 31. The second set contains 4 interrogatories. The final set numbers 14, but with subparts there are 21 in this set alone. For purposes of this motion, the Court need not determine whether the subparts are actually "one interrogatory directed at eliciting details concerning a *common theme*," which therefore are not counted as multiple interrogatories. *See Cardenas v. Dorel Juvenile Grp., Inc.*, 231 F.R.D. 616, 620 (D. Kan. 2005).

each interrogatory in the third set as follows: "USIC object to this Interrogatory as exceeding the maximum number of interrogatories, including discrete subparts, as allowed in § 2(j) of the Scheduling Order. Doc. 13. USIC expressly reserves all rights and objections to this Interrogatory should it be later required to answer." The same day, Plaintiff filed this motion.

## II.     Whether Plaintiff Met His Duty to Confer

Defendant urges the Court to deny Plaintiff's motion on the ground that Plaintiff failed to comply with the meet and confer requirements of Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2. By failing to file a reply in support of his motion, Plaintiff effectively concedes the point. In this district, D. Kan. Rule 33.1 expressly applies the meet-and-confer requirement to motions seeking to serve additional interrogatories. "If a party seeks leave to serve additional interrogatories to those permitted by Fed. R. Civ. P. 33(a), a motion must be filed that sets forth (1) the proposed additional interrogatories; and (2) the reasons establishing good cause for their service. Such motion is subject to D. Kan. Rule 37.2."[3]

Thus, in reviewing a motion to expand the number of permissible interrogatories, a court in this district

> will not entertain any motion to resolve a discovery dispute . . . unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Every certification . . . related to the efforts of the parties to resolve discovery . . . disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute.
>
> A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so.[4]

---

[3] D. Kan. Rule 33.1.

[4] D. Kan. R. 37.2.

2

Without any notice to Defendant, Plaintiff filed this motion on the same day Defendant served its objections to Plaintiff's third set of interrogatories. The Court finds that Plaintiff made no "reasonable effort to confer" under D. Kan. Rule 37.2. The Court agrees with Defendant that Plaintiff's motion to exceed the permissible number of interrogatories should be denied for failure to make reasonable effort to confer concerning the matter as required by D. Kan. Rules 33.1 and 37.2.

Moreover, the Court notes that Plaintiff incorrectly states the standard to be applied to his request. Plaintiff asserts the Court must *expand* the number of interrogatories unless it finds that one of the provisions of Rule 26(b)(2)(C) apply. In fact, the rule is stated in the inverse: "the court must *limit* the . . . discovery otherwise allowed by these rules or by local rule" if it determines that one of the provisions of Rule 26(b)(2)(C) apply.[5] Plaintiff does not set forth facts that sufficiently demonstrate his entitlement to additional interrogatories. For these reasons, the Court denies the motion.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Expand the Number of Interrogatories (ECF No. 38) is **DENIED.**

---

[5] On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

> **(i)** the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> **(ii)** the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> **(iii)** the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26 (b)(2)(C).

**IT IS SO ORDERED.**

Dated this 14th day of October, 2020, at Kansas City, Kansas.

                                                Teresa J. James
                                                U. S. Magistrate Judge