IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN TUSCHHOFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 19-cv-1149-EFM-TJJ |
| | ) |
| USIC LOCATING SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Production of Academy Training Manual (ECF No. 91). Pursuant to Fed. R. Civ. P. 37(a)(3) and D. Kan. Rule 37.1, Plaintiff seeks an order compelling Defendant USIC Locating Services, LLC ("USIC") to produce documents responsive to Request No. 18 of Plaintiff's Sixth Request for Production of Documents. Defendant opposes the motion. For the reasons set forth below, the Court will grant the motion.

**I.   Requested Discovery**

Plaintiff served his Sixth Request for Production of Documents on March 2, 2021. In RFP No. 18, Plaintiff requested "[a] copy of The Academy Training Manual for the years 2016, 2017, 2018, 2019, 2020, and 2021." In its response, Defendant stated as follows:

> RESPONSE: USIC objects to this request as unduly burdensome and not seeking information reasonably calculated to lead to admissible evidence. USIC employs thousands of locators and maintains an electronic training history for each of these locators. It does not maintain in the regular course, nor would it be feasible to maintain, all underlying documents relating to the training. Subject to and without waiving these objections, USIC has conducted a reasonable search and has not discovered additional documents other than the record of completion previously produced.[1]

---

[1] ECF No. 92-5 at 5.

In a Golden Rule letter Plaintiff sent four days later, Plaintiff asked Defendant to supplement its response to RFP No. 18. Defendant declined to do so, asserting it had provided a "proportional and appropriate response."[2] Plaintiff has satisfied the conferral requirement required by Fed. R. Civ. P. 37(a)(1) and D. Kan 37.2 and has timely filed this motion.

**II.     Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery. As amended in 2015, it provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[3]

Considerations of both relevance and proportionality now govern the scope of discovery.[4] Relevance is still to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[5] Information still "need not be admissible in evidence to be discoverable."[6] The amendment deleted the "reasonably calculated to lead to the discovery of admissible evidence" phrase,

---

[2] ECF Nos. 92-5, 92-6.

[3] Fed. R. Civ. P. 26(b)(1).

[4] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[5] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[6] Fed. R. Civ. P. 26(b)(1).

however, because it was often misused to define the scope of discovery and had the potential to "swallow any other limitation."[7]

The consideration of proportionality is not new, as it has been part of the federal rules since 1983.[8] Moving the proportionality provisions to Rule 26 does not place on the party seeking discovery the burden of addressing all proportionality considerations. If a discovery dispute arises that requires court intervention, the parties' responsibilities remain the same as under the pre-amendment Rule.[9] In other words, when the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[10] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[11] Relevancy determinations are generally made on a case-by-case basis.[12]

### III. Analysis

In this action, Plaintiff contends USIC failed to have a protocol, procedure, or method in place for its underground utility locators to properly and safely mark underground facilities.

---

[7] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[8] *Id.*

[9] *Id.*

[10] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[11] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[12] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

Lonny Gregory is the USIC locator who marked the underground utility lines at issue in this case on June 19, 2017, including the gas line that later ruptured and allegedly caused injury to Plaintiff. During discovery, Plaintiff has learned that when Mr. Gregory was trained by USIC in 2012, the company was utilizing the Pulse Training Manual. In 2016 or 2017 and before this incident, USIC had stopped using the Pulse Training Manual and was instead training its locators using a program identified as The Academy.

Plaintiff deposed John Cassity, a USIC national trainer. Because of the change in training programs, Mr. Cassity testified USIC no longer uses the five-step process from the Pulse Training Manual in teaching its employees to locate utilities. Instead, USIC uses the 10- to 15-step "locate cycle" which Mr. Cassity testified is found in "our training manual" that is "now called The Academy."[13]  During his deposition, Mr. Cassity examined the facility print[14] for the area Mr. Gregory marked on June 19, 2017, and he testified "the gas company is telling us [in the print] that approximately 16 feet north of the center line is where the gas line is."[15]  Yet Mr. Gregory admittedly did not measure before marking, in spite of what he acknowledged to be a risk for explosion of a gas line if a pipe is not properly located. Knowing Mr. Gregory had failed to measure the gas line, Defendant's expert reports offer the opinion that Mr. Gregory's marking complied with standard industry practices, and that USIC used the appropriate method, procedure, and protocol in its June 19, 2017 locate process. Mr. Cassity testified that Lonny Gregory followed the correct procedures and performed the locate accurately. And Steve

---

[13]  ECF No. 92-3 at 2-3.

[14]  A "facility print" or "print" is a "detailed map or drawing of a facility that provides several kinds of information, such as the type of facility, size of the facility, location of the facility, measurements, manhole locations, streets, and buildings; documentation that includes engineering job orders, diagrams, and other information regarding a facility." ECF No. 98-2.

[15]  Cassity Depo. (ECF No. 92-1) at 71:18-20.

4

Preister, USIC State Director for Kansas, testified that Mr. Gregory located in accordance with USIC regulations and guidelines and did nothing wrong.

After hearing these witnesses' testimony and learning the opinions of Defendant's experts, Plaintiff served additional discovery on Defendant, including RFP No. 18. Clearly, if Defendant intends to present evidence at trial or in a motion for summary judgment to the effect that Mr. Gregory accurately performed the locate of the gas line, he did so in accordance with USIC regulations and guidelines, and he complied with industry standards, USIC's "locate cycle" is relevant. And because the "locate cycle" is contained in The Academy and The Academy is the program USIC had in place on June 19, 2017, the request seeks relevant information.

Defendant objects the request is unduly burdensome. In the absence of facts to support the objection, the Court overrules it.

In its response to this motion, Defendant submitted an affidavit from Mr. Cassity in which he seeks to modify his deposition testimony. He writes that when he mentioned "The Academy" in his deposition, he "was referring not to a single physical manual but to a program that USIC employs for training, which combines in-class teaching with certain visual aids, as well as on-the-job training."[16] His affidavit does not refute his deposition testimony that the "locate cycle" is found "in our training manual . . . now called The Academy." Instead, his affidavit expands the types of materials included in The Academy. And while Defendant argues its experts have not put The Academy materials at issue because they have not reviewed those materials, their failure to review them does not negate their relevance.

Defendant's response to RFP No. 18 did not include an objection to the temporal scope of the request, and Defendant has waived that objection. However, Plaintiff makes clear that the

---

[16] ECF No. 95-4 ¶7.

relevance of the requested material relates to what happened on June 19, 2017, and he makes no argument in favor of relevance of The Academy materials for the period 2018-2021. The Court determines a proportional response is limited to materials in place from the inception of The Academy (2016 or 2017) through 2017.

Accordingly, the Court grants the motion. Defendant shall produce all responsive materials from the inception of The Academy through 2017 that it has not previously produced.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Production of Academy Training Manual (ECF No. 91) is **GRANTED**. Within fourteen (14) days of the date of this order, Defendant shall produce materials from the inception of The Academy through 2017 that are responsive to Request No. 18 of Plaintiff's Sixth Request for Production of Documents.

**IT IS SO ORDERED.**

Dated this 26th day of May, 2021.

Teresa J. James
U. S. Magistrate Judge