IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN TUSCHHOFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-cv-1149-EFM-TJJ |
| | ) |
| USIC LOCATING SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on two related motions: Defendant's Motion to Strike Rebuttal Expert Report (ECF No. 101) and Motion to Allow Plaintiff's Rebuttal Expert Report Out of Time (ECF No. 107). Each party opposes the other's motion. Pursuant to Federal Rules of Civil Procedure 26(a)(2)(D)(ii) and 37(c), Defendant asks the Court to enter an order striking the report of Dr. Andrew Wachtel.[1] Defendant contends the disclosure of Dr. Wachtel's report was untimely because it was served after the deadline to disclose rebuttal expert witnesses, and because Plaintiff should have identified Dr. Wachtel in his case-in-chief rather than in rebuttal. In his motion, Plaintiff acknowledges he produced Dr. Wachtel's report after the deadline but asks the Court to allow it in rebuttal. As set forth below, the Court denies Defendant's motion and grants Plaintiff's motion.

**I.    Relevant Background**

On June 19, 2017, Plaintiff was a City of Wichita employee and part of a team repairing a water pipeline. A fellow City employee operated the backhoe used to dig the hole to access the

---

[1] Defendant also asks the Court to strike Dr. Wachtel's testimony. But Defendant has not taken Dr. Wachtel's deposition, so no testimony exists.

1

water pipeline. Prior to the excavation, City employees had ascertained the location of all underground facilities in the proposed area of excavation by utilizing the "Kansas One Call" system to request locating and marking services be performed. Defendant performed the locating and marking services pursuant to the request. Plaintiff alleges Defendant had inaccurately marked an underground gas distribution line several feet from its actual location, and while trying to excavate the water pipeline, City employees contacted the gas distribution line. Plaintiff contends that because of this error, the backhoe operator damaged the gas line while attempting to access the underground water pipe. Plaintiff alleges he suffered inhalation injuries when the gas line ruptured.[2]

On November 16, 2021, Plaintiff served his initial expert disclosures, naming Dr. Harold Barkman, a non-retained treating physician, to testify regarding causation. Dr. Barkman had diagnosed Plaintiff with reactive airways dysfunction syndrome ("RADS"). During his March 31, 2021 deposition, Dr. Barkman stated he could not testify to a reasonable degree of medical certainty that exposure specifically to natural gas was the cause of Plaintiff's alleged injuries. However, Dr. Barkman also testified that he found important the temporal nature of the accident and Plaintiff's admission to a hospital burn unit, and he noted particles or chemicals other than natural gas may have been present in the matter Plaintiff potentially inhaled.

Defendant disclosed its damages expert, Dr. Robert Aris, on April 9, 2021, nine days after Dr. Barkman's deposition. Dr. Aris has not been deposed. Pursuant to the Third Amended Scheduling Order,[3] Plaintiff's deadline to disclose any damages rebuttal expert(s) was April 30, 2021. However, Plaintiff did not produce the rebuttal report from Dr. Andrew Wachtel until May

---

[2] *See* Amended Complaint (ECF No. 14) ¶¶6-13.

[3] ECF No. 63.

2

12, 2021. In his motion and supported by affidavits, Plaintiff has explained the reason for the delay, which Defendant does not dispute. Briefly summarized, before the deadline Plaintiff sought Defendant's consent to a two-week extension. Defendant agreed to half of that, or until May 7. Plaintiff's counsel prepared a motion for extension of time until May 14, believed it had been timely filed, and produced Dr. Wachtel's report on May 12. It was not until Plaintiff received Defendant's Motion to Strike on May 18 that Plaintiff's counsel discovered the motion for extension of time had not been filed. On May 19, Plaintiff filed his motion seeking permission to designate his rebuttal expert out of time.

## II.  Legal Standards

Defendant is not currently challenging the admissibility of Dr. Wachtel's report under Federal Rule of Evidence 702. Instead, Defendant contends Dr. Wachtel's report "is not rebuttal testimony but, rather, addresses core questions of causation, an essential element of Plaintiff's claim about which he otherwise lacks expert support, and even adds a new theory not previously disclosed or discussed."[4] Defendant also asserts Plaintiff failed to meet the Federal Rule of Civil Procedure 37(c) requirement of establishing the belated disclosure was substantially justified.

Rebuttal expert testimony is limited to evidence that is "intended solely to contradict or rebut evidence on the same subject matter identified by another party" in its expert disclosures.[5] It is within the court's discretion whether to admit or exclude rebuttal evidence.[6] A court may admit rebuttal evidence on a topic when "a party opens the door to [that] topic."[7] Generally,

---

[4] ECF No. 102 at 1.

[5] Fed. R. Civ. P. 26(a)(2)(D)(ii).

[6] *Tanberg v. Sholtis*, 401 F.3d 1151, 1166 (10th Cir. 2005).

[7] *Id.*

3

courts exclude "use of a rebuttal expert to introduce evidence more properly a part of a party's case-in-chief, especially if the alleged rebuttal expert is used to introduce new legal theories."[8] However, "where the evidence rebuts new evidence or theories proffered in the defendant's case-in-chief, that the evidence may have been offered in the plaintiff's case-in-chief does not preclude its admission in rebuttal."[9] But when a plaintiff seeks to rebut defense theories which Plaintiff knew about or reasonably could have anticipated, the court is within its discretion in disallowing rebuttal testimony.[10]

Federal Rule of Civil Procedure 26(a)(2) governs expert witness disclosures. It requires a party to disclose the identity of any expert witness along with a written report if the witness is one retained or specially employed to provide expert testimony in the case. The rule directs the disclosures to be made at the times and in the sequence the court orders.

To ensure compliance with these disclosure requirements, Rule 37(c)(1) provides "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[11] The determination of whether a Rule 26(a) violation is "substantially justified" or "harmless" is entrusted to the broad

---

[8] *Foster v. USIC Locating Servs., LLC*, No. 16-2174-CM, 2018 WL 4003354, at *2 (D. Kan. Aug. 17, 2018).

[9] *Bell v. AT&T*, 946 F.2d 1507, 1512 (10th Cir. 1991).

[10] *Koch v. Koch Industries, Inc.,* 203 F.3d 1202, 1224 (10th Cir. 2000).

[11] Fed. R. Civ. P. 37(c)(1).

discretion of the district court.[12] The district court is not required to make explicit findings concerning substantial justification or the harmlessness of a failure to disclose.[13] Nevertheless, the Tenth Circuit has held the following factors should guide the district court's discretion in determining whether to allow a party to use information or a witness to supply evidence at trial: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[14]

In applying Rule 37(c)(1), "the court must first determine whether substantial justification for failing to make the required disclosures exists."[11] If the party who failed to make the required disclosures does not demonstrate substantial justification, then the court must determine whether the failure to disclose was harmless.[12] "The failure to disclose is considered harmless 'when there is no prejudice to the party entitled to the disclosure.'"[13] The burden to demonstrate substantial justification and the lack of harm is on the party who failed to make the required disclosure.[14]

---

[12] *Neiberger v. Fed Ex Ground Package Syst., Inc.,* 566 F.3d 1184, 1191–92 (10th Cir. 2009) (citing *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999)).

[13] *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 953 (10th Cir. 2002) (quoting *Woodworker's Supply,* 170 F.3d at 993).

[14] *Id.*

The primary goal of excluding a witness or testimony under Rule 37(c)(1) is to deter misconduct.[15] In ruling on whether an expert witness should be barred under Rule 37(c)(1), the court should bear in mind that it is a "drastic sanction."[16]

For his part, Plaintiff brings his motion under Federal Rule of Civil Procedure 6(b)(1)(B) and District of Kansas Local Rule 6.1. Taken together, the rules permit a court, upon a showing of good cause, to extend the time for a party to act beyond an expired deadline if the failure was due to excusable neglect. The court is to consider all relevant circumstances surrounding the party's omission to determine whether it resulted from excusable neglect.[17] Courts often consider (1) the danger of prejudice to the other side, (2) the length of the delay and its potential impact on the proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.[18] Fault in the delay is perhaps the most important factor in determining whether neglect is excusable.[19]

## III.   Analysis

Plaintiff's motion addresses the issue of Dr. Wachtel's report from the standpoint of when Plaintiff intended to seek an extension of time to disclose the report. Plaintiff's counsel intended to and thought he had filed the motion before the April 30, 2021 disclosure deadline

---

[15] *Burton v. R.J. Reynolds Tobacco Co.,* 203 F.R.D. 636, 640 (D. Kan. 2001).

[16] *Myers v. Mid–West Nat. Life Ins. Co.,* No. 04–cv–00396–LTB–KLM, 2008 WL 2396763, at *2 (D. Colo. June 9, 2008); *Burton,* 203 F.R.D. at 640.

[17] *Hunsaker v. The Proctor & Gamble Mfg. Co.*, No. 09-2666-KHV-GLR, 2010 WL 3946323, at *2 (D. Kan. Oct. 5, 2010) (citations omitted).

[18] *Id*.

[19] *Id*.

expired. However, in its response to Plaintiff's motion, Defendant writes the following: "Plaintiff's failure to file his motion for leave on the deadline for rebuttal expert disclosure has nothing to do with USIC's opposition to his request. USIC would have opposed Plaintiff's request for the same reasons even if he had filed the motion on time."[20] Accordingly, the Court considers Plaintiff's motion unopposed insofar as it was filed out of time, and will consider Plaintiff's request to designate Dr. Walther as a rebuttal witness without regard to Plaintiff's failure to file a motion for extension of time within the disclosure deadline.

But Defendant does object to the late disclosure under Federal Rule of Civil Procedure 37(c)(1), which provides as follows: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Defendant asserts that Plaintiff has not demonstrated the late disclosure was substantially justified, and further claims it would be substantially prejudiced if forced to depose Dr. Wachtel after discovery closes and if the dispositive motions deadline were extended. Defendant also repeats its assertion that Dr. Wachtel is not a rebuttal witness, contending Dr. Wachtel's report introduces a new theory that something other than natural gas caused Plaintiff's injury.

Defendant produced Dr. Aris's report on April 9, 2021. Plaintiff's rebuttal deadline was April 30, but when asked whether counsel would consent to an extension, Defendant agreed it would not oppose an extension until May 7 with the proviso Defendant could depose the rebuttal witness after the close of discovery. Plaintiff agreed to produce the expert for deposition after

---

[20] ECF No. 108 at 3-4.

discovery closed. Plaintiff produced Dr. Wachtel's report on May 12, two days before the extension Plaintiff thought he had requested by motion, and five days later than Defendant was willing to accept it. In asking for Defendant's consent, Plaintiff explained they were still talking to a couple of potential witnesses to address medical damages, but they had yet to retain anyone.[21] Although Plaintiff produced Dr. Barkman's report on November 16, 2020,[22] he was not deposed until March 31, 2021, just nine days before Defendant produced Dr. Aris's report. The time between Dr. Barkman's deposition, during which Dr. Barkman testified he was unable to render a medical opinion to a reasonable degree of certainty as to causation,[23] and Plaintiff's identification of Dr. Wachtel as a rebuttal expert was six weeks and one day.

      The Court finds Plaintiff's belated disclosure was substantially justified. As Plaintiff explained in asking Defendant to consent to an extension of the rebuttal disclosure deadline, Plaintiff had been in contact with potential witnesses since receiving Dr. Aris's report three weeks earlier, but counsel had not yet retained anyone. Defendant apparently did not consider the request unreasonable, as evidenced by defense counsel's consent to a one-week extension. The additional five days that passed before Plaintiff produced Dr. Wachtel's report are de minimis and do not dissuade the Court from its conclusion. The length of the delay is short and cannot be said to disrupt the trial when no trial date has been set.

---

[21] *See* ECF No. 107-1.

[22] *See* ECF No. 48.

[23] *See* ECF No. 102-2 at 6-7. Whether Dr. Barkman will be permitted to provide expert testimony for Plaintiff is outside the scope of these motions. That issue will be decided by the presiding District Court judge if Defendant raises a challenge.

Even if the Court were to find the delay was not substantially justified, the Court would find the delay harmless. In return for consenting to a partial extension, Defendant had asked Plaintiff to agree to producing Dr. Wachtel for deposition after the close of discovery, "including after a potential motion to exclude is resolved."[24] Without knowing who Plaintiff's rebuttal witness would be or what opinions he or she might offer, Defendant was contemplating filing a motion to exclude the witness. It appears the time invested in these motions would have far exceeded five days. The delay in producing the report is not responsible for any appreciable impact on the proceedings.

The fact that the witness under review was identified as a rebuttal witness is relevant to the Court's analysis. This is not a situation where Plaintiff was tardy in naming an expert witness in his case-in-chief and seeks to do so long after the deadline for initial expert disclosures. A rebuttal expert could not be identified by Plaintiff ipso facto until Defendant named its expert. The window for that period opened on April 9. Plaintiff could not have retained a rebuttal expert before reviewing Dr. Aris's report, and there is no indication that the brief delay was willful. The Court will not strike the report as untimely.

The Court now turns to an examination of whether Dr. Wachtel is properly categorized as a rebuttal witness. Dr. Wachtel's report is four and a half pages long.[25] More than 50 percent of his report comprises a list of the materials he reviewed and a summary of those materials. The penultimate three paragraphs state and explain the basis for his opinion that Plaintiff developed irritant induced asthma secondary to exposures to irritant products on June 19, 2017, and the

---

[24] ECF No. 107-1 at 2.

[25] ECF No. 102-1.

concluding paragraph is a single sentence affirming that he holds his opinions to a reasonable degree of medical certainty. But Dr. Wachtel's report begins by stating his report is "for the purpose of rebutting the report of Dr. Aris," followed by point-by-point attempted refutations of the six opinions Dr. Aris enumerated in his report.[26]

While Defendant is correct in noting that Dr. Wachtel expresses an opinion relevant to causation, his report primarily explains the basis for his disagreement with Dr. Aris based on their review of the same information. The Court disagrees with Defendant's contention that Dr. Wachtel's report is an attempt by Plaintiff to subvert the expert disclosure process. In expressing his opinion on behalf of Defendant, Dr. Aris spoke only of the effects on Plaintiff of "an exposure to natural gas" as the sole potential irritant.[27] Dr. Wachtel's first point of disagreement is that Dr. Aris "does not take into account coexistent substances present in the ground or other potential items mixed with the methane at the time of Mr. Tuschhoff's exposure."[28] Contrary to Defendant's assertion that this is a new theory, it was actually Dr. Aris who for the first time described Plaintiff's exposure as being limited to methane. Plaintiff's original petition filed in state court and his subsequent amended complaints do not describe the substance as only natural gas or methane, nor did Dr. Barkman testify that Plaintiff was exposed only to natural gas or methane.

In his report, Dr. Wachtel was correcting what he believes to be a factual inaccuracy in Dr. Aris's report that is responsible in part for their differing opinions. Plaintiff did not know,

---

[26] ECF No. 118-1.

[27] ECF No. 118-1 at 1.

[28] ECF No. 102-1 at 2.

nor should he reasonably have anticipated, that Defendant would take the position that methane was the only substance to which Plaintiff was allegedly exposed. As a result, Dr. Wachtel did not introduce a new theory.

In *Hammers v. Douglas County*, No. 15-7994, 2016 WL 6804905 (D. Kan. Nov. 16, 2016), plaintiffs alleged Ms. Hammers died from alcohol withdrawal syndrome while incarcerated because defendants did not have proper medical procedures in place. Plaintiff named Dr. Goldenson in her case-in-chief as an expert in correctional health care. In his report, Dr. Goldenson concluded Ms. Hammers died as a result of defendants' failure to provide adequate medical care, resulting in death from an alcohol withdrawal related seizure. During his deposition, however, Dr. Goldenson testified his only opinion as to Ms. Hammer's cause of death was from "what the coroner said." The coroner, whom defendants named as a non-retained expert witness, later opined that Ms. Hammers did not die of an acute withdrawal from alcohol, but as a result of seizure activity. The coroner also opined that her death could not have been prevented.

Plaintiffs then served rebuttal expert witness reports from two physicians with expertise in alcohol withdrawal syndrome and forensic pathology. Both concluded Ms. Hammers died of alcohol withdrawal syndrome. Defendants moved to strike these rebuttal witnesses, arguing they should have been identified in plaintiffs' initial expert disclosures because their opinions on causation were germane to plaintiffs' case-in-chief. Plaintiffs claimed they were relying on the death certificate, which included acute ethanol withdrawal in the cause of death, as justifying their belief in the cause of Ms. Hammers' death. It was not until they received the coroner's report as part of defendants' expert disclosures that any dispute arose about the cause of death.

The court found plaintiffs' rebuttal expert opinions admissible, rejecting defendants' argument that plaintiffs should have anticipated defendants would contest causation and should have included cause of death experts in their initial disclosures. The court noted that plaintiffs did include causation experts, but that Dr. Goldenson had admitted he reached his conclusion based on "what the coroner said," referring to the death certificate. "[The coroner's] affidavit and defendants' other experts who refuted the cause of death opened the door for rebuttal testimony to clarify a specific detail of the case—cause of death—not an entire element of plaintiffs' claims."[29]

The Court finds the situation in this case analogous to *Hammers*, and likewise concludes Dr. Wachtel's report is proper rebuttal testimony. Defendant introduced the idea that the only matter Plaintiff was exposed to was natural gas, and Plaintiff is entitled to rebut Dr. Aris's report to clarify Plaintiff's position that other substances were mixed with the natural gas at the time of Plaintiff's exposure.

The Court finds Plaintiff's disclosure of Dr. Wachtel's report does not violate Federal Rules of Civil Procedure 26(a)(2)(D) or 37(c)(1), and his report is proper rebuttal evidence. Accordingly, the Court will not strike Dr. Wachtel's expert report.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Rebuttal Expert Report (ECF No. 101) is DENIED.

**IT IS FURTHER ORDERED** that the Motion to Allow Plaintiff's Rebuttal Expert Report Out of Time (ECF No. 107) is GRANTED.

Dated this 9th day of August, 2021 at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[29] 2016 WL 6804905, at *3.