IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN TUSCHHOFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cv-1149-EFM-TJJ |
| ) | |
| USIC LOCATING SERVICES, LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court on four motions seeking permission to file under seal certain exhibits to substantive motions the parties have filed. The motions are (1) Unopposed Motion for Leave to File Certain Documents Under Seal (ECF No. 120), filed by Plaintiff; (2) Defendant's Unopposed Motion for Leave to File Exhibits Under Seal (ECF No. 122); (3) Unopposed Motion for Leave to File Certain Documents Under Seal (ECF No. 128), filed by Plaintiff; and (4) Defendant's Unopposed Motion for Leave to File Exhibits Under Seal (ECF No. 131).

Federal courts have long recognized a common law right of access to judicial records.[1] This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges are honest.[2]

---

[1] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011); *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir. 2007).

[2] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980); *Worford v. City of Topeka*, No. 03-2450-JWL, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004).

The public's right of access, however, is not absolute.[3] The Court therefore has discretion to seal documents if competing interests outweigh the public's right of access.[4] In exercising its discretion, the Court weighs the public's interests, which it presumes are paramount, against those advanced by the parties.[5] The party seeking to overcome the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption.[6] The Court analyzes each motion under these standards.

The motions refer to and are based on the Stipulated Protective Order filed in this case, which acknowledges that "[n]othing in this Order will be construed as a prior directive to allow any document to be filed under seal. The mere designation of information pursuant to this Order is insufficient to satisfy the Court's requirements for filing under seal in light of the public's qualified right of access to court dockets."[7]

**Plaintiff's Motion (ECF No. 120)**

Plaintiff seeks leave to file under seal eleven exhibits to its Memorandum in Support of Plaintiff's Motion for Leave to Amend to Add a Claim for Punitive Damages Against Defendant (ECF No. 110). Five of the exhibits are excerpts from five USIC employees'

---

[3] *Helm*, 656 F.3d at 1292.

[4] *Id.*; *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985).

[5] *Helm*, 656 F.3d at 1292.

[6] *Id.*; *Mann*, 477 F.3d at 1149.

[7] ECF No. 15 at 5. In its motions, Defendant erroneously states that the Protective Order in this case "require[es] all documents containing Confidential Information to be filed under seal." ECF No. 122 at 1; ECF No. 131 at 1.

depositions; one is an excerpt from a Kansas OneGas employee's deposition; two are documents marked as Kansas OneGas proprietary information; one is described as a confidential map disclosed by USIC; one is the report of Plaintiff's expert Mike Parilac; and the last is a one-page History and Physical from Plaintiff's hospitalization dated June 19, 2017.[8]

In support of his request, Plaintiff states that the deposition transcripts of USIC and OneGas employees "reference [their] proprietary information . . . grounded on a particular event . . . that would harm defendant if the documents and testimony were open to public view."[9] Other than because they have been stamped as confidential, Plaintiff offers no reason for sealing the Kansas OneGas document, the USIC map, the report of Mike Parilac, or the hospital document.

The Court has carefully reviewed the documents, each of which had been publicly filed as an exhibit to the Memorandum in Support of Plaintiff's Motion to Amend to Add a Claim for Punitive Damages (ECF No. 110). The Stipulated Protective Order contains directions for how a party may designate deposition testimony as confidential after a 30-day provisional period; that period has passed for each of the depositions in question. To retain a designation beyond the provisional period, a "Designating Party must designate specific pages and lines of deposition testimony before the provisional period has expired. Such designations must be made in writing so that all counsel and court reporters may append the designation to all copies

---

[8] Plaintiff erroneously identifies it as an excerpt of the deposition of his expert Dr. Barkman.

[9] ECF No. 120 at 2.

of the transcripts."[10] Plaintiff offers no indication he has followed the prescribed means of preserving a confidential designation for any of the six deposition excerpts. Moreover, merely asserting that a reference to allegedly proprietary information would be harmful if made publicly available, without explaining what the harm would be, is insufficient to show a significant interest that outweighs the presumption. The Court therefore denies the motion with respect to the six deposition excerpts.

Plaintiff offers no reason for sealing the remaining documents, thereby failing to even address the presumption. As the Protective Order clearly states, merely designating information as confidential is insufficient to satisfy the Court's requirements for filing under seal in light of the public's qualified right of access to court dockets. However, upon review the Court will grant the motion with respect to ECF No. 110-15, as it contains information that may impact security concerns.[11]

As in *Helm*, Plaintiff has not articulated a substantial interest that justifies overriding the public's substantial interest in access to court records. The Court therefore overrules the motion to file under seal with the exception of ECF No. 110-15.

**Defendant's Motion (ECF No. 122)**

Defendant seeks leave to file under seal three exhibits to its Memorandum in Opposition to Plaintiff's Motion for Leave to Amend to Add a Claim for Punitive Damages (ECF No. 121). Two are documents from Kansas Gas Service, and one is an excerpt from

---

[10] ECF No. 15 at 3-4.

[11] Plaintiff's counsel shall contact the Clerk's office to determine what steps are necessary to place under seal a document that was filed publicly.

Defendant's former training manual. All have been marked as confidential. Defendant offers the following reasons why each document is entitled to sealing.

The Kansas Gas Service line locating procedures document is marked as confidential and proprietary and its reproduction or distribution is not permitted without the written consent of ONE Gas, Inc.

Kansas Gas Service designated the Leak Repair Report as confidential when it produced the document to the parties in this case. According to Defendant, the document "contains sensitive internal information concerning Kansas Gas Service's response to the gas leak at issue, including the number of customers lost, the new components installed, and determinations as to the cause of the leak."[12]

Defendant states its Pulse Manual (Defendant's former training program) "contains sensitive and proprietary training methods that were unique to USIC's training program at the time that its locator Lonny Gregory was trained for his employment. The utility locating business is highly competitive, with training being an important and costly component of success, and therefore disclosure of this material in the public record would damage USIC's interests."[13]

The Court has also reviewed these documents and finds they contain no information that warrants sealing. For example, while Defendant claims Kansas Gas Service's sensitive internal information includes the determination of the cause of the leak, the relevant portion of the document lists the cause as "third party hit main line." The locating procedures document

---

[12] ECF No. 122 ¶4.

[13] *Id.* ¶6.

has the following marking on each page: "Verify current version on ONE Gas Hub. Printed copies are uncontrolled." Its contents reveal no information that would be harmful to Kansas Gas Service if made publicly available. Finally, in addition to the fact that the Pulse Manual is no longer the training program Defendant uses,[14] neither does it contain information that would be harmful to Defendant if made publicly available. As in *Helm*, Defendant has not articulated a substantial interest that justifies overriding the public's substantial interest in access to court records. The Court therefore overrules the motion to file under seal.

**Plaintiff's Motion (ECF No. 128)**

Plaintiff seeks leave to file under seal a portion of a transcript of a USIC employee's deposition and three USIC documents. Plaintiff offers no reason why any should be sealed. Because Plaintiff has not articulated a substantial interest that justifies overriding the public's substantial interest in access to court records, the Court overrules the motion to file under seal.

**Defendant's Motion (ECF No. 131)**

Defendant seeks leave to file under seal two exhibits to its Motion for Leave to File Surreply in Opposition to Motion for Leave to Amend Complaint (ECF No. 130). Both documents are entitled "Pre-Locate Checklist." Based on the description of the documents in Defendant's Motion for Leave to File Surreply and the Court's familiarity with the Pulse and Academy training manuals, it appears these are the checklists from each of the two manuals. In support of its request, Defendant states the following: "Both exhibits contain confidential and

---

[14] *See* Memorandum and Order (ECF No. 116) at 4 ("[W]hen Mr. Gregory was trained by USIC in 2012, the company was utilizing the Pulse Training Manual. In 2016 or 2017 and before this incident, USIC had stopped using the Pulse Training Manual and was instead training its locators using a program identified as The Academy.").

proprietary information concerning training methods that were unique to USIC's training program at the time that the incident at issue occurred. The utility locating business is highly competitive, with training being an important and costly component of success, and therefore disclosure of this material in the public record would damage USIC's interests."[15]

The Court has carefully reviewed the documents and finds neither contains information that warrants sealing. Moreover, as Defendant acknowledges, several witnesses were shown and testified about these documents during depositions. No effort was made to restrict public access to the testimony. As in *Helm*, Defendant has not articulated a substantial interest that justifies overriding the public's substantial interest in access to court records. The Court therefore overrules the motion to file under seal.[16]

**IT IS THEREFORE ORDERED** that the Unopposed Motion for Leave to File Certain Documents Under Seal (ECF No. 120), filed by Plaintiff, is **DENIED** with the exception of the document publicly filed as ECF No. 110-15. Defendant's Unopposed Motion for Leave to File Exhibits Under Seal (ECF No. 122); Unopposed Motion for Leave to File Certain Documents Under Seal (ECF No. 128), filed by Plaintiff; and Defendant's Unopposed Motion for Leave to File Exhibits Under Seal (ECF No. 131) are **DENIED**.

Dated this 24th day of August, 2021, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

---

[15] ECF No. 131 at 2.

[16] Defendant shall publicly file the documents as exhibits to its Surreply.